Hooshang **BEHROOZI**

v.

Robert B. **JAMES** and Gerald S. Cloud.

Civ. A. No. 32694.

United States District Court
E. D. Pennsylvania.
June 26, 1963.

Gilbert Abramson, Philadelphia, Pa., for plaintiff.

Joseph J. Murphy (of Murphy & Senesky), Philadelphia, Pa., for defendant James.

BODY, District Judge.

This is a personal injury action arising from an automobile accident wherein plaintiff allegedly sustained a whiplash injury. Defendant has moved to dismiss plaintiff's complaint and in the alternative for more specific pleading or for summary judgment pursuant to Rules 12, 8 and 56, Federal Rules of Civil Procedure. The thrust of these motions goes to an alleged lack of jurisdiction over the subject matter in that defendant asserts that plaintiff's damages, the amount in controversy, do not exceed $10,000.00. Since disposition of this issue will render the other motions unnecessary, they will be considered only if the motion to dismiss is denied ultimately.

██ The complaint is presumably filed in good faith and appears on its face to sustain a claim sufficient to meet the jurisdictional requirement. However, assuming that the brief of plaintiff states the entire case for damages, it seems very doubtful that plaintiff will be able to establish a claim for the requisite amount. Plaintiff has the burden of proving jurisdictional facts. Garfield Local 13-566, etc. v. Heyden Newport Chemical Corp. et al., 172 F.Supp. 230 (D.N.J.1959). Should the plaintiff elect to stand on the present record and his brief, this Court would feel constrained to grant the motion of the defendant to dismiss.

██ There is no good reason why plaintiff's case should await dismissal at a later date, with attendant delay and possible prejudice, when a disposition of the issue of jurisdiction could be made now. It is proper procedure to decide the issue of jurisdiction over the subject matter upon affidavits, depositions and the complaint. Weinberger v. Toms River Express, Inc., 135 F.Supp. 872 (E.D.Pa.1951). The statements in plaintiff's brief might be treated as factual admissions of the extent of the damage claims. However, it is a better practice to dispose of an important issue involving jurisdiction on affidavits, depositions or any other competent factual material which plaintiff has and could produce at trial.

Order

AND NOW, this twenty-sixth day of June, 1963, IT IS ORDERED that the plaintiff shall inform the Court by affidavits, depositions or other appropriate means within sixty (60) days of the date hereof, of any evidence which he may have and could produce at trial to show the extent of the damages claimed in this action.